Opinion issued June 5, 2008











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00263-CR






HECTOR DELEON MONTES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 1104923




 


MEMORANDUM OPINION

 Appellant Hector Deleon Montes was convicted by a jury of possession with
intent to deliver a controlled substance, cocaine, in the amount of 200 grams or more,
but less than 400 grams. See Tex. Health & Safety Code Ann. §§ 481.102(3)(D),
.112(a), (e) (Vernon 2003 & Supp. 2007). The jury assessed punishment at
imprisonment for 25 years and a $15,000 fine. Appellant brings two issues,
challenging the trial court's exclusion of evidence and ineffective assistance of
counsel. We affirm.

 Appellant does not contest either the legal or factual sufficiency of the
evidence, so we do not discuss the facts in detail. The record does reflect that
appellant was under surveillance by the police for transporting narcotics, that
appellant was pulled over for a traffic violation, and that cocaine was found in the
back passenger side of appellant's vehicle. Appellant consented to a search of his
house, and the police found no contraband.

 In his first issue, appellant challenges the trial court's exclusion of evidence
that appellant's son had a previous conviction for possession of cocaine and that the
son had driven appellant's vehicle the night before appellant's arrest. Appellant
argues this issue on appeal in terms of a constitutional right to present defensive
evidence and a violation of Texas Rule of Evidence 403, but at trial the only
argument raised was whether this evidence was relevant.

 A defendant may not bring in evidence that a third person may have had a
motive to commit the crime with which the defendant is charged, unless there is other
evidence to link the third person to the crime. See Spence v. State, 795 S.W.2d 743,
754-55 (Tex. Crim. App. 1990); Jensen v. State, 66 S.W.3d 528, 537 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd). The "other evidence" must be
testimony that not only demonstrates the third person's opportunity to commit the
crime, but also incriminates the third person as the culprit. Jensen, 66 S.W.3d at 537. 
Here, appellant did nothing more than demonstrate that his son had an opportunity
to commit the crime and that his son had a previous conviction for possession of
cocaine.

 Appellant also argues the trial court unconstitutionally excluded evidence from
a police officer that appellant had no time to "tip off" people at his house that the
police would be conducting a search. Appellant did not raise a constitutional issue
at trial. Instead, the issue was whether the evidence was relevant, something
appellant does not address on appeal. Appellant has not preserved his constitutional
issue for appeal. See Tex. R. App. P. 33.1(a)(1)(A).

 We overrule issue one.

 In issue two, appellant claims his trial counsel was ineffective at the
punishment stage because (1) she asked a State's witness whether it is a federal crime
"to be in the United States illegally" and (2) she asked appellant's daughter the
question, "If indeed [appellant] did find the temptation for making some money
transporting cocaine . . . do you think he would ever do something like that again?" (1)

 To be entitled to a new trial based on ineffective assistance, an appellant must
show that counsel's performance was so deficient that he was not functioning as
acceptable counsel under the Sixth Amendment, and there is a reasonable probability
that, but for counsel's error, the result of the proceedings would have been different. 
See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984);
Hernandez v. State, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986). The defendant
bears the burden to prove ineffective assistance of counsel. See Strickland, 466 U.S.
at 687, 104 S. Ct. at 2064. Allegations of ineffective assistance of counsel must be
firmly founded in the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996).

 Appellant did not file a motion for new trial. Because there is no evidence of
trial counsel's strategy in asking these two questions, appellant cannot prevail unless
there is no conceivable strategy as a matter of law. We may not speculate on why
counsel acted as she did, and we do not conclude as a matter of law that no strategy
could exist. See Bone v. State, 77 S.W.3d 828, 835-36 (Tex. Crim. App. 2002).

 We overrule issue two.


 We affirm the judgment of conviction.

 


 Sam Nuchia

 Justice


Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).
1. The State objected to this question, and the trial court sustained the objection.